### D. RANSOM, SON & CO. *v.* BALL.

(*Supreme Court, General Term, Fifth Department.* October 19, 1889.)

1. TRADE-MARK—INFRINGEMENT.

Defendant, in the preparation and sale of a medicine, imitated exactly the name of the medicine, the description of it, the directions for its use, and the design of the wrappers used by plaintiff. The inner wrapper of plaintiff's medicine described it as "prepared by Dr." M., who had originally prepared it, and sold out his interest to plaintiff, but the outer wrapper described it as prepared by plaintiff. M. had either assumed or acquired from his business the title of "Doctor." *Held*, that the statements as to its preparation were not a fraud on the public, and constituted no defense in a suit by plaintiff to enjoin such use by defendant.

2. SAME—FRAUDULENT INTENT.
    The use of the word "Magnetic" in the title, M.'s "Universal Magnetic Balm,"
    where there was no pretense that the liquid possessed any magnetic qualities,
    does not show any fraudulent intent to deceive the public which would deprive
    plaintiff of its right to an injunction.

Appeal from special term.

D. Ransom, Son & Co., a corporation, sued to restrain Alvin M. Ball from infringing an alleged trade-mark. From a judgment for plaintiffs, defendant appeals.

Argued before BARKER, P. J., and CHILDS and DWIGHT, JJ.

F. S. Perkins, for appellant.	N. Morey, for respondent.

DWIGHT, J.	The action was to restrain the defendant from infringing the plaintiff's trade-mark, employed upon the wrappers of a proprietary medicine. The fraud of the defendant in pirating the name of the medicine, the language in which it was described, the directions for its use, and the engraved design of the wrappers in which it was sold, was bold and barefaced. There is no attempt to deny or excuse it. The only defense alleged is that the plaintiff corporation had no rights which the defendant was bound to respect, or which a court of equity will interfere to protect, because its trade-mark was itself a fraud upon the public. This charge is founded upon two specifications, viz.: (1) That the plaintiff's label falsely described the medicine as "Prepared by Dr. J. R. Miller;" and (2) that the use of the word "Magnetic" in the name of the medicine was without foundation in fact.

We do not think that the facts presented under either or both of these specifications support the charge of fraud against the plaintiff. The medicine was originally prepared and sold by one J. R. Miller, who had either assumed, or acquired from his business, the title of "Doctor." He had sold the formula of the preparation, the good-will of the business, and the trade-mark, or the name under which the medicine had been sold, to the plaintiff. The outer wrappers of the plaintiff's bottle bore the words, plainly printed, "Prepared and sold by D. Ransom, Son & Co., Proprs., Buffalo, N. Y." It was on an inner wrapper only, directly beneath the directions for the use of the medicine, that the words were printed, "Prepared by Dr. J. R. Miller." We think it did no violence to the facts to say that these words intended that the medicine was originally prepared by Miller, or even—as the judge at special term was inclined to think—that the directions were prepared by Miller. An intention to defraud by these means can hardly be imputed to the plaintiff, when we see that it took pains to inform purchasers of the actual facts by the inscription on the outer label, while the inscription complained of was concealed until after the medicine was purchased, and the outer wrapper removed. As for the use of the prefix "Dr." to Miller's name, it must be said that the title is too common, and too indefinite in its meaning, to be likely to deceive anybody. It is as freely used as that of "Professor," and means as little.

The medicine bore the name of "Miller's Universal Magnetic Balm." It is not pretended that the liquid possessed any of the properties of magnetism in the scientific sense of the word; nor do we think it clear that the use of the word "Magnetic" in its title was intended to deceive the public in that respect. The word, so far as any meaning was attached to it, was probably used rather in a figurative, than in a literal or scientific, sense; and there was but little danger of its being misunderstood. There is no evidence in the case which, as we think, would have justified the finding that, in continuing the use of the name under which the plaintiff bought the right to manufacture and sell Miller's preparation, it was guilty of any intentional or actual fraud upon the public which deprives it of the right to the protection of the law in the use of its property. The judgment should be affirmed. All concur. Judgment affirmed, with costs.